# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| LATASHA R. WILLIAMS, | ) |
| Plaintiff, | ) Civil Action No. 0:05-378-MBS-BM |
| v. | ) |
| OFFICE OF HEARING AND APPEALS, JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,[1] | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

The Plaintiff filed the complaint in this action, <u>pro se</u>, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff alleges in her <u>pro se</u> Complaint, <u>in toto</u>, as follows:

> They have denied my claim from 1994 on the SSDI I have smitted so many documents. I was told if I could prove I was this way before I was last insured in Dec. 1994 I sent a letter from the Kershaw School District dated Nov. 19, 1984. I feel I have been treated unfairly in this hold matter. And I would like another judge of higher standard to hear my case. I can't have the surgery without a Medicare card Medicaid would not pay for it you may get more info about it from my doctor.

---

[1] Although Plaintiff has listed the Defendant in this case as being the Office of Hearing and Appeals, the correct Defendant for a Social Security action is the Commissioner of Social Security. <u>Butler v. Apfel</u>, 144 F.3d 622, 624 (9th Cir. 1998); <u>Esselstrom v. Chater</u>, 67 F.3d 869 (9th Cir. 1995).

1



Complaint, pp. 3-4, § III.

As requested relief, Plaintiff asks this Court to "grant to me what is rightfully mine. They cheated me on the SSI I lost time because I was waiting on a decision and they told me I had to reapply. I need a just and fair judge from when I applied in 1994." See generally, Complaint.

The record before this Court reveals that Plaintiff filed applications for Disability Insurance Benefits (DIB) on June 1, 1994, and Supplemental Security Income (SSI) on May 16, 1994, alleging a disability onset date of February 15, 1994 due to an essential tremor, depression, and headaches. The procedural history of these claims has previously been established by this Court, as set forth in an order of the Honorable Margaret B. Seymour, United States District Judge, filed March 21, 2001, as follows:

> Her applications were denied initially, on reconsideration, and by an administrative law judge (ALJ) in a decision dated February 23, 1996. Plaintiff's request for review of the ALJ's decision was granted by the Appeals Council, which remanded the case for further proceedings. A supplemental hearing before a different ALJ was held on February 17, 1998, at which Plaintiff was represented by counsel. Plaintiff testified as to her allegedly disabling condition, past relevant work experiences, medical examination, and daily activities. A vocational expert also testified at the hearing, and responded to hypothetical questions posed by the ALJ and by Plaintiff's counsel.
>
> In a decision dated July 18, 1998, the ALJ found that Plaintiff retained the residual functional capacity to perform work at the light exertion level. The ALJ determined that Plaintiff had no vocationally relevant past work. However, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform. Specifically, the ALJ found that Plaintiff could perform the jobs of packing and processing machine operator, cleaner, kitchen worker/helper, bench handler, and security monitor. Accordingly, the ALJ found that Plaintiff was not disabled under the terms of the Act, and denied Plaintiff's claims for DIB and SSI. This decision was affirmed by the Appeals Council, making it the final decision of the Commissioner.

Order, pp. 1-2.

Plaintiff thereafter filed an action in United States District Court seeking judicial review of the



Commissioner's final decision; <u>Williams v. Apfel</u>, C/A No. 4:00-0053-24; and in the final order referenced hereinabove Judge Seymour affirmed the Commissioner's decision denying Plaintiff's claims for DIB and SSI. Plaintiff did not pursue an appeal of that order. <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own records.].

Plaintiff filed a second application for SSI on July 31, 2001, and this application was granted insofar as Plaintiff was found to have been disabled as of July 1, 2001. <u>See</u> <u>Defendants' Exhibit 7</u>. Plaintiff also filed a second application for DIB on March 19, 2002, alleging disability as of February 1993. This application was denied initially and upon reconsideration, following which Plaintiff requested a hearing before an ALJ. However, the ALJ issued an order on April 25, 2003 dismissing Plaintiff's request for a hearing, noting that Plaintiff's insured status for DIB had expired on December 31, 1994, and that her claim for DIB had already been denied in a final administrative decision on July 15, 1998. <u>See</u> <u>Defendants' Exhibit 4</u>. An amended notice of dismissal was issued May 21, 2003. <u>Defendants' Exhibit 5</u>.

In a letter to the Appeals Council dated February 4, 2004, Plaintiff stated that the May 21, 2003 notice of dismissal had not been mailed to her until August 1, 2003, and requested information as to the status of her claim. <u>Defendants' Exhibit 6</u>. The Appeals Council declined further review of the dismissal by the ALJ in a notice issued March 12, 2004; <u>Defendants' Exhibit 7</u>; following which Plaintiff requested review of the Appeals Council's decision in a letter to the Office of General Counsel, Social Security Administration, dated March 23, 2004. <u>Defendants' Exhibit 8</u>. In a "To Whom It May Concern" letter dated May 11, 2004, Plaintiff also requested more time to file a civil action. <u>Defendants' Exhibit 9</u>. An Appeals Council Hearing and Appeals analyst

3



thereafter sent Plaintiff a letter dated January 13, 2005, advising Plaintiff that she had thirty (30) days to commence a civil action for reversal of the dismissal. Defendants' Exhibit 10. Plaintiff then filed the instant action in United States District Court on February 4, 2005.

According to Local Rule 83.VII, Plaintiff was to have filed a written brief within thirty (30) days after an answer was filed by the Commissioner. The Commissioner did not file an answer in this case, however, choosing instead to file a motion to dismiss. Plaintiff did nevertheless file a brief on June 2, 2005, following which the Commissioner filed a brief on July 12, 2005. Plaintiff then filed a response brief on July 19, 2005. See Local Rule 83.VII.04, .05. Although review of Social Security cases is governed by the standards set forth in § 405(g), since the Commissioner chose to file a motion to dismiss instead of an answer, and in light of Plaintiff's pro se status, the Court also entered a Roseboro order on August 1, 2005, advising Plaintiff of the importance of a motion to dismiss and of the necessity for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motion may be granted, thereby ending her case. Plaintiff thereafter filed a response to the Defendants' motion on August 5, 2005.

This matter is now before the Court for disposition.

**Discussion**

Plaintiff asserts in her Complaint that she has been treated unfairly by the Social Security Administration, that her claim for DIB from 1994 should not have been denied, and that she is entitled to review of her case. However, after careful review and consideration of the materials and arguments submitted by both Plaintiff and the Defendants, the undersigned is constrained to agree with the Defendants that this case is subject to dismissal. As noted, Plaintiff



4

already pursued a claim for DIB in an earlier application, which was denied at the administrative level in a decision dated July 15, 1998. For purposes of Plaintiff's present case, that decision was a final decision for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481 (2002). Plaintiff litigated that final decision in this Court, with her case being dismissed on March 21, 2001, following which Plaintiff did not file an appeal.

Although Plaintiff then did file a second application for DIB on March 19, 2002, her prior decision was not reopened by the ALJ, and therefore the determination that Plaintiff was not disabled as of July 15, 1998 is res judicata for purposes of this claim. See 20 C.F.R. §§ 404.988, 416.1488; Brown v. Sullivan, 921 F.2d 1233, 1237 (11th Cir. 1991) [Doctrine of administrative res judicata barred award of social security disability benefits for period before date on which denial by Secretary of Health and Human Services of claimant's first application became final]; see e.g. Cleaton v. Secretary, Dep't Health and Human Servs., 815 F.2d 295, 299-301 (4th Cir. 1987) [holding that res judicata properly applied where the issues alleged in prior and subsequent claims were essentially the same; claimant failed to present new and material evidence which might result in a different outcome; and claimant failed to exhaust available administrative remedies in his prior application]; Shrader v. Harris, 631 F.2d 297, 300-301 (4th Cir. 1980) [noting incorporation of doctrine of res judicata in the Social Security Administration regulations]; see also 20 C.F.R. § 404.957(c)(1); Lively v. Secretary of Health and Human Servs., 820 F.2d 1391 (4th Cir. 1987). Further, although Plaintiff could attempt to establish disability for the period beginning after July 15, 1998, since it is uncontested in the record that her insured status expired for purposes of DIB on December 31, 1994, the Commissioner properly did not consider her claim past the date of the prior decision. Miller v. Chater, 99 F.3d 972 (10th Cir. 1996) [A claimant must establish



disability prior to the expiration of their insured status].

Finally, where the Commissioner has declined to reopen a previously adjudicated claim for Social Security benefits, a District Court has no jurisdiction to review the decision absent a colorable constitutional claim. <u>Califano v. Sanders</u>, 430 U.S. 99, 108-109 (1977); <u>Gonzales v. Sullivan</u>, 914 F.2d 1197, 1202-1203 (9th Cir. 1990). Plaintiff has failed to set forth a colorable constitutional claim in this case. She fully litigated her first application for DIB, at the end of which she failed to appeal the District Court's denial of her claim, and there is no evidence to show that Plaintiff's constitutional rights were violated when her second application for DIB was dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that this case be **dismissed**. The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 7, 2005

6

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
